IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA
CIVIL DIVISION

SERGERY SHAPOSHNIKOV,

    Plaintiff,                                                Case Number:

v.

PEPSICO, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SERGERY SHAPOSHNIKOV ("Plaintiff"), by and through his undersigned counsel sues Defendant, PEPSICO, INC. ("Defendant"), for discrimination and retaliation and states:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of fifteen thousand dollars ($15,000.00) and the Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §1981 ("Section 1981"), and the Florida Civil Rights Act of 1992 ("FCRA")

2. Venue lies with this Judicial District as the cause of action accrued in Osceola County, Florida.

### PARTIES

3. Plaintiff was formerly employed by Defendant in Osceola County, Florida.

4. Defendant is a business authorized to conduct business in Florida.

5. Defendant is an "employer" as defined by the laws under which this action is brought and employs the required number of employees.

## FACTS

6. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's state and federal protected rights.

7. Plaintiff is a person who is Russian by national origin and became a United States citizen in 1996.

8. From January 2004 until his termination in February 2011, Plaintiff worked for Defendant as a machine operator at Defendant's facilities located in Osceola County, Florida.

10. During Plaintiff's tenure with Defendant, Plaintiff satisfactorily performed the essential duties of his position.

11. Notwithstanding, Plaintiff's performance, Plaintiff was subjected to continually harassment, discrimination and a hostile work environment based on his Russian national origin by Defendant's management and employees, including without limitation:

    (a) being told the Plaintiff should go back to Russia;

    (b) having himself and those of Russian national origin demeaned verbally to him ("damn Russians" "Russians are a whole bunch of communists");

    (c) being called "one greedy Russian bastard" by plant manager, Sheila Capell;

    (d) being told by manager, Anthony George, "I'm going to do everything in my power to get you fired because we don't need Russian communists pigs in our place";

    (e) being told by manager, Don Munoz, "I'm going to make a Russian free zone here";

    (f) being told that "Russians were not allowed to be in the break room and use the restroom";

    (g) being harassed about Plainitff's clothing and food;

    (h) being told "All Russians are stupid, lazy and dirty"; and

     (i)    not receiving bonuses like other similarly situated employees who were not of Russian national origin.

12. Plaintiff complained on multiple occasions to human resources manager, Adriana Luna; however, no actions were taken to stop the harassment, discrimination and hostile work environment; but instead, each time Plaintiff complained, Plaintiff was told that he complained "too much" and he was retaliated against as the situation grew ever worse for Plaintiff. About a month before his unlawful termination, Plaintiff complained of unlawful discrimination to a supervisor named Andrew Padoulos and another supervisor. These supervisors informed Plaintiff that they would make Defendant's Human Resource Department aware of his complaint.

13. In or around January 2011, one of the employees, Kareem McDonald, who regularly and continually harassed Plaintiff took Plaintiff's forklift and when Plaintiff requested that his forklift be returned Mr. McDonald told Plaintiff, "Go fuck yourself. This forklift is not for Russians and I'm going to take it."

14. Thereafter, Plaintiff contacted a manager, Anthony George, and complained about Mr. McDonald's conduct; but instead of taking appropriate action against Mr. McDonald, Plaintiff was unlawfully disciplined and terminated.

15. Defendant's unlawful conduct has caused Plaintiff to suffer severe emotional distress, mental anguish, physical problems, and financial distress.

16. Plaintiff has exhausted all administrative prerequisites and satisfied all conditions precedent. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") and more than one hundred eighty (180) days have lapsed since he filed the Charge and Plaintiff was issued a right to sue notice from the EEOC on or about May 14, 2013.

17. Plaintiff has been required to retain the undersigned attorneys to represent him in this action and is obliged to pay them a reasonable fee for their services.

## COUNT I – DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

18. Plaintiff realleges and readopts the allegations of paragraphs 1 through 17 of his Complaint as though fully set forth herein.

19. The foregoing actions of Defendant constitute unlawful discrimination, including disparate treatment and unlawful harassment, in violation of 42 U.S.C. § 1981.

20. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against him, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

**WHEREFORE**, Plaintiff respectfully prays for the following:

a. a trial by jury on all issues so triable;

b. that process issue and this Court take jurisdiction over this case;

c. judgment against Defendant and for Plaintiff awarding compensatory and punitive damages against Defendant for Defendant's violations of law enumerated herein;

d. judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

e. reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f. prejudgment interest on all monetary recovery obtained;

g.  judgment against the Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

h.  such further relief as is equitable and just.

## COUNT II – DISCRIMINATION IN VIOLATION OF TITLE VII

21. Plaintiff realleges and readopts the allegations of paragraphs 1 through 17 of his Complaint as though fully set forth herein.

22. The foregoing actions of Defendant constitute unlawful discrimination, including disparate treatment and unlawful harassment, in violation of Title VII.

23. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against him, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job of which Plaintiff was unlawfully deprived.

**WHEREFORE**, Plaintiff respectfully prays for the following:

a.  a trial by jury on all issues so triable;

b.  that process issue and this Court take jurisdiction over this case;

c.  judgment against Defendant and for Plaintiff awarding compensatory and punitive damages against Defendant for the Defendant's violations of law enumerated herein;

d.  judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

e.  reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f.  prejudgment interest on all monetary recovery obtained;

Case 6:13-cv-01145-CEH-DAB Document 2 Filed 07/29/13 Page 6 of 10 PageID 52

g.    judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

h.    such further relief as is equitable and just.

## COUNT III – DISCRIMINATION IN VIOLATION OF THE FCRA

24.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 17 of his Complaint as though fully set forth herein.

25.    The foregoing actions of Defendant constitute unlawful discrimination, including disparate treatment and unlawful harassment, in violation of the FCRA.

26.    As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against him, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job of which Plaintiff was unlawfully deprived.

**WHEREFORE**, Plaintiff respectfully prays for the following:

a.    a trial by jury on all issues so triable;

b.    that process issue and this Court take jurisdiction over this case;

c.    judgment against Defendant and for Plaintiff awarding compensatory and punitive damages against Defendant for the Defendant's violations of law enumerated herein;

d.    judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

e.    reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f.    prejudgment interest on all monetary recovery obtained;

g. judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

h. such further relief as is equitable and just.

## COUNT IV– RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 17 of his Complaint as though fully set forth herein.

28. The foregoing actions of Defendant constitute unlawful retaliation in violation of 42 U.S.C. § 1981.

29. As a direct and proximate result of Defendant's willful, knowing, and intentional retaliation against him, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

**WHEREFORE**, Plaintiff respectfully prays for the following:

a. a trial by jury on all issues so triable;

b. that process issue and this Court take jurisdiction over this case;

c. judgment against Defendant and for Plaintiff awarding compensatory and punitive damages against Defendant for Defendant's violations of law enumerated herein;

d. judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

e. reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f. prejudgment interest on all monetary recovery obtained;

g. judgment against the Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

h. such further relief as is equitable and just.

## COUNT V – RETALIATION IN VIOLATION OF TITLE VII

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 17 of his Complaint as though fully set forth herein.

31. The foregoing actions of Defendant constitute unlawful retaliation in violation of Title VII.

32. As a direct and proximate result of Defendant's willful, knowing, and intentional retaliation against him, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job of which Plaintiff was unlawfully deprived.

**WHEREFORE**, Plaintiff respectfully prays for the following:

a. a trial by jury on all issues so triable;

b. that process issue and this Court take jurisdiction over this case;

c. judgment against Defendant and for Plaintiff awarding compensatory and punitive damages against Defendant for the Defendant's violations of law enumerated herein;

d. judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

e. reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f. prejudgment interest on all monetary recovery obtained;

    g.    judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

    h.    such further relief as is equitable and just.

## COUNT VI – RETALIATION IN VIOLATION OF THE FCRA

33.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 17 of his Complaint as though fully set forth herein.

34.    The foregoing actions of Defendant constitute unlawful retaliation in violation of the FCRA.

35.    As a direct and proximate result of Defendant's willful, knowing, and intentional retaliation against him, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job of which Plaintiff was unlawfully deprived.

**WHEREFORE**, Plaintiff respectfully prays for the following:

    a.    a trial by jury on all issues so triable;

    b.    that process issue and this Court take jurisdiction over this case;

    c.    judgment against Defendant and for Plaintiff awarding compensatory and punitive damages against Defendant for the Defendant's violations of law enumerated herein;

    d.    judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

    e.    reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    f.    prejudgment interest on all monetary recovery obtained;

  g. judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

  h. such further relief as is equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 14th day of June, 2013.

          Respectfully submitted,

          _____
          **LUIS A. CABASSA**
          Florida Bar Number: 0053643
          **WENZEL FENTON CABASSA, P.A.**
          1110 North Florida Avenue, Suite 300
          Tampa, Florida 33602
          Main No.: 813-224-0431
          Direct No.: 813-379-2565
          Facsimile: 813-229-8712
          E-mail: lcabassa@wfclaw.com
          Email: mkimbrou@wfclaw.com
          **Attorneys for Plaintiff**