IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SERGERY SHAPOSHNIKOV[1],

    Plaintiff,

v.

PEPSICO, INC.,

    Defendant.

Case No. 6:13-cv-1145-ORL-18DAB

## DEFENDANT, PEPSICO INC.'S[2] ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, by and through its undersigned attorneys, hereby files its Answers and Defenses to the Complaint of Plaintiff Sergey Shaposhnikov ("Plaintiff") as follows:

### JURISDICTION AND VENUE

1. In response to Paragraph No. 1 of the Complaint, Defendant acknowledges that Plaintiff is seeking damages in excess of $15,000.00 pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and The Florida Civil Rights Act of 1992 ("FCRA"), but denies any unlawful employment practice and denies that Plaintiff is entitled to any damages or relief.

2. In response to Paragraph No. 2 of the Complaint, Defendant acknowledges that Plaintiff is attempting to establish jurisdiction as alleged, but denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever.

---

[1] The correct spelling of Plaintiff's first name is Sergey.

[2] Plaintiff erroneously named Defendant PepsiCo, Inc. in his Complaint. The correct Defendant is SVC Manufacturing, Inc. which is an indirect subsidiary of PepsiCo, Inc.

## PARTIES

3. In response to Paragraph No. 3 of the Complaint, Defendant admits that Plaintiff was employed by SVC Manufacturing, Inc., an indirect subsidiary of PepsiCo, Inc., for a certain period of time, but denies any unlawful employment practice and denies that Plaintiff is entitled to any relief.

4. Defendant admits the allegations in Paragraph No. 4.

5. In response to Paragraph No. 5 of the Complaint, Defendant admits only that it is an "employer" as defined by Title VII, Section 1981 and the FCRA. Defendant is without knowledge as to the meaning of the "required number of employees" and therefore denies this allegation and all remaining allegations in Paragraph No. 5.

## FACTS

6. Defendant denies the allegations in Paragraph No. 6.

7. In response to Paragraph No. 7 of the Complaint, Defendant does not track the national origin of its employees; therefore, Defendant is without sufficient knowledge or information to admit or deny Plaintiff's national origin and therefore denies this allegation and the remaining allegations in Paragraph No. 7.

8. In response to Paragraph No. 8 of the Complaint, Defendant admits that SVC Manufacturing, Inc. employed Plaintiff from January 5, 2004 until February 16, 2011 as a Machine Operator in the Kissimmee facility.

9. Paragraph 9 is missing from the Complaint.

10. Defendant denies the allegations in Paragraph No. 10.

11. Defendant denies the allegations in Paragraph No. 11, including subparts (a) through (i).

12. Defendant denies the allegations in Paragraph No. 12.

13. Defendant denies the allegations in Paragraph No. 13.

14. Defendant denies the allegations in Paragraph No. 14.

15. Defendant denies the allegations in Paragraph No. 15.

16. In response to Paragraph No. 16 of the Complaint, Defendant admits only that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), and the EEOC issued a Notice of Right to Sue on May 14, 2013, but is without sufficient knowledge or information regarding the remaining allegations in Paragraph No. 16 to either admit or deny the allegations contained therein and therefore denies those allegations.

17. Defendant is without sufficient knowledge or information to admit or deny the allegations related to Plaintiff's relationship with counsel and therefore denies the allegations in Paragraph No. 17.

## **COUNT I – DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

18. Defendant re-states and re-alleges its responses to Paragraph Nos. 1 through 17 as if fully set forth herein.

19. Defendant denies the allegations in Paragraph No. 19.

20. Defendant denies the allegations in Paragraph No. 20.

Defendant further denies each and every allegation in the unnumbered "Wherefore" paragraph, including subparts (a) through (h), immediately following Paragraph No. 20, and denies that Plaintiff is entitled to any of the requested relief or damages.

## COUNT II – DISCRIMINATION IN VIOLATION OF TITLE VII

21. Defendant re-states and re-alleges its responses to Paragraph Nos. 1 through 17 as if fully set forth herein.

22. Defendant denies the allegations in Paragraph No. 22.

23. Defendant denies the allegations in Paragraph No. 23.

Defendant further denies each and every allegation in the unnumbered "Wherefore" paragraph, including subparts (a) through (h), immediately following Paragraph No. 23, and denies that Plaintiff is entitled to any of the requested relief or damages.

## COUNT III – DISCRIMINATION IN VIOLATION OF THE FCRA

24. Defendant re-states and re-alleges its responses to Paragraph Nos. 1 through 17 as if fully set forth herein.

25. Defendant denies the allegations in Paragraph No. 25.

26. Defendant denies the allegations in Paragraph No. 26.

Defendant further denies each and every allegation in the unnumbered "Wherefore" paragraph, including subparts (a) through (h), immediately following Paragraph No. 26, and denies that Plaintiff is entitled to any of the requested relief or damages.

## COUNT IV – RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

27. Defendant re-states and re-alleges its responses to Paragraph Nos. 1 through 17 as if fully set forth herein.

28. Defendant denies the allegations in Paragraph No. 28.

29. Defendant denies the allegations in Paragraph No. 29.

Defendant further denies each and every allegation in the unnumbered "Wherefore" paragraph, including subparts (a) through (h), immediately following Paragraph No. 29, and denies that Plaintiff is entitled to any of the requested relief or damages.

## COUNT V – RETALIATION IN VIOLATION OF TITLE VII

30. Defendant re-states and re-alleges its responses to Paragraph Nos. 1 through 17 as if fully set forth herein.

31. Defendant denies the allegations in Paragraph No. 31.

32. Defendant denies the allegations in Paragraph No. 32.

Defendant further denies each and every allegation in the unnumbered "Wherefore" paragraph, including subparts (a) through (h), immediately following Paragraph No. 32, and denies that Plaintiff is entitled to any of the requested relief or damages.

## COUNT VI – RETALIATION IN VIOLATION OF THE FCRA

33. Defendant re-states and re-alleges its responses to Paragraph Nos. 1 through 17 as if fully set forth herein.

34. Defendant denies the allegations in Paragraph No. 34.

35. Defendant denies the allegations in Paragraph No. 35.

Defendant further denies each and every allegation in the unnumbered "Wherefore" paragraph, including subparts (a) through (h), immediately following Paragraph No. 34, and denies that Plaintiff is entitled to any of the requested relief or damages.

## JURY TRIAL DEMAND

Defendant acknowledges Plaintiff's request for a jury trial, but denies that Defendant committed any unlawful act, and denies that Plaintiff is entitled to the relief sought.

**ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED ARE DENIED**

# DEFENSES

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they were not presented to the EEOC or FCHR in a timely fashion and to the extent they did not occur within the time frames prescribed by the FCRA or any other applicable limitations period.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge(s) of discrimination filed with any fair employment practices agency authorized to receive such charges.

## THIRD DEFENSE

Defendant has an effective and widely disseminated policy prohibiting discrimination and retaliation and this policy provides a reasonably available procedure by which Plaintiff could bring complaints and such complaints would be subject to prompt remedial action reasonably calculated to end such alleged discrimination. Defendant used reasonable care to prevent and correct any alleged discrimination and retaliation and Plaintiff unreasonably failed to take advantage of the preventive and corrective procedures and opportunities provided by Defendant or otherwise avoid the alleged actions. To the extent Plaintiff failed to avail himself of these policies, procedures and opportunities, his claims are barred.

## FOURTH DEFENSE

Any employment actions taken by Defendant with respect to Plaintiff were based upon legitimate, non-discriminatory factors other than Plaintiff's national origin, and while denying any discrimination, Defendant affirmatively avers that the same employment decision(s) would have been made regardless of any alleged consideration of Plaintiff's national origin.

## FIFTH DEFENSE

Plaintiff has the duty to mitigate any alleged losses, his entitlement to recovery for which is expressly denied; alternatively, any claim for relief must be set off and/or reduced by wages, commissions, compensation, pay and benefits, other earnings or remunerations, profits and benefits regardless of form received by Plaintiff or which were earnable or receivable with the exercise of reasonable diligence by Plaintiff.

## SIXTH DEFENSE

To the extent Defendant discovers that Plaintiff engaged in additional misconduct during his employment with Defendant which, had Defendant discovered such conduct during his employment with Defendant, would have resulted in his termination, any claims for equitable relief are barred or limited accordingly by the after-acquired evidence doctrine.

## SEVENTH DEFENSE

Defendant, at all times material herein, made a good faith effort through its adoption of workplace polices and education of its personnel, to comply with Florida civil rights laws.

## EIGHTH DEFENSE

Any act(s) and/or omission(s) of Defendant that may be found to violate the FCRA were not willful, but occurred in good faith and were based upon reasonable factors.

## NINTH DEFENSE

Defendant is not liable for punitive damages under federal or state law because neither Defendant nor any of its employees sufficiently high in its corporate hierarchy committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights, or approved, authorized or ratified, or had actual knowledge of any such acts.

## TENTH DEFENSE

Plaintiff's claims are frivolous, unreasonable and groundless, and accordingly, Defendant is entitled to an award of attorney's fees and costs associated with the defense of this action.

## ELEVENTH DEFENSE

Plaintiff's claims fail to state a cause of action for which relief can be granted because Plaintiff has failed to allege he engaged in protected activity.

## TWELFTH DEFENSE

Any injury caused to Plaintiff was due in whole or in part to Plaintiff's own actions, inaction, and/or the negligence or acts of third parties.

## RESERVATION OF RIGHTS

Defendant hereby gives notice of its intent to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery and, thus, reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Defenses.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award Defendant its costs and attorneys' fees incurred in this action, and award Defendant any such other relief that this Court deems just and proper.

Dated this 2nd day of August, 2013.

Respectfully submitted,

By: /s/ Dawn Siler-Nixon
    Dawn Siler-Nixon
    Florida Bar No. 993360
    dnixon@fordharrison.com
    Shannon L. Kelly
    Florida Bar No. 646830
    skelly@fordharrison.com

    FORD & HARRISON LLP
    101 E. Kennedy Boulevard, Suite 900
    Tampa, FL 33602-5133
    Telephone: (813) 261-7800
    Facsimile: (813) 261-7899

    Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 2, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

Luis A. Cabassa
Wenzel, Fenton, Cabassa, P.A.
1110 N. Florida Ave., Suite 300
Tampa, Florida 33602
E-mail: lcabassa@wfclaw.com
E-mail: mkimbrou@wfclaw.com

    /s/ Dawn Siler-Nixon
    Attorney

TAMPA:342832.2